IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

|  |  |
|---|---|
| Neal Technologies, Inc. d/b/a Bullet Proof Diesel | Case No.: |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| Innovative Performance Research, LLC and Vince Au (a/k/a Vinh Cam Au), | |
| Defendants. | |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**FOR PATENT INFRINGEMENT**

Plaintiff Neal Technologies, Inc. doing business as Bullet Proof Diesel ("BPD") files this

its Original Complaint against Defendants Innovative Performance Research, LLC ("IPR) and

Vince Au (a/k/a Vinh Cam Au) ("Au").

**THE PARTIES**

1.      BPD is incorporated under the laws of the State of Arizona with its principal place

of business at 4245 East Palm Street, Mesa, Arizona 85215.

2.      Upon information and belief, IPR is a single-member limited liability company

organized under the laws of the State of California with its principal place of business at 1370

Main Avenue, Baldwin Park, California.  IPR may be served through its sole member, Vince Au,

at 1370 Main Avenue, Baldwin Park, California.

3.      Upon information and belief, Au is a citizen of the State of California and is the

sole member and owner of IPR.  Au may be served at his place of business at 1370 Main Avenue,

Baldwin Park, California.

**THE PATENT-IN-SUIT**

4.      BPD is the owner of the entire right, title, and interest in and to U.S. Patent No. 9,546,588 ("the '588 Patent"), entitled "Method of Modifying Engine Oil Cooling System," which issued by the United States Patent and Trademark Office on January 17, 2017, after its initial publication on December 8, 2016 as Publication No. US2016/0356202.  True and accurate copies of the '588 Patent and the initially published application are attached hereto as **Exhibit A**.

5.      The '588 Patent is valid and enforceable.  BPD has complied with the statutory patent marking requirements per 35 U.S.C. § 287.

**DEFENDANTS' INFRINGEMENT**

6.      Upon information and belief, IPR makes, uses, sells, and/or offers for sale within the United States and/or imports into the United States products that infringe the '588 Patent, including but not limited to its External Oil Cooler Kit, EOC-603P (for Ford 6.0 Liter Power Stroke Diesel Engine) and its External Oil Cooler Kits EOC-6408101 / EOC-64081012 [collectively EOC-6408101(2) – both for the Ford 6.4 Liter Power Stroke Diesel Engine].

7.      Upon information and belief, Au participates in and/or directs IPR in making, using, selling, and/or offering for sale within the United States and/or imports into the United States products that infringe the method claims of '588 Patent, including but not limited to its External Oil Cooler Kits, EOC-603P and EOC-6408101(2), and/or is the alter ego of IPR.

8.      Upon information and belief, Au knowingly induces IPR and others to make, use, sell, and/or offer for sale within the United States and/or imports into the United States products that infringe the method claims of the '588 Patent, including but not limited to its External Oil Cooler Kits, EOC-603P and EOC-6408101(2).

## JURISDICTION AND VENUE

9.      This is an action for patent infringement arising under the Patent Law of the United States of America, Title 35, United States Code § 1 et seq.

10.      This Court has exclusive subject-matter jurisdiction over this suit under 28 U.S.C. §§1331 and 1338(a).

11.      This Court has personal jurisdiction over IPR.  Upon information and belief, IPR has continuous and systematic business contacts with the State of Texas and has committed acts of patent infringement within the State of Texas and the Eastern District of Texas.  For example, upon information and belief, IPR, directly and/or through intermediaries, conducts and solicits business in the State of Texas and attempts to derive benefit from residents of the State of Texas by marketing, selling, offering for sale, making and/or using its products and/or services, in the State of Texas and the Eastern District of Texas.  Furthermore, IPR operates an interactive website at www.iprresearch.com which permits the active marketing, solicitation and/or sales of various products including those alleged to infringe within the State of Texas and this District.  See attached **Exhibit B**.  This suit arises in part from IPR's connections with Texas.

12.      This Court has personal jurisdiction over Au.  Upon information and belief, Au, whether separately or through his direction and/or being alter ego of IPR, has continuous and systematic business contacts with the State of Texas and has committed acts of patent infringement within the State of Texas and the Eastern District of Texas.  For example, upon information and belief, Au, directly and/or through intermediaries, conducts and solicits business in the State of Texas and attempts to derive benefit from residents of the State of Texas by marketing, selling, offering for sale, making and/or using its products and/or services, in the State of Texas and the Eastern District of Texas.  Furthermore, Au, through his direction and/or alter ego of IPR, operates

an interactive website at www.iprresearch.com which permits the active marketing, solicitation and/or sales of various products including those alleged to infringe within the State of Texas and this District.  See attached **Exhibit B**.

13.     Venue is appropriate in the Eastern District of Texas under 28 U.S.C. §§1391(b) and 1400(b).  IPR is subject to personal jurisdiction in this District, and as such, resides in this judicial district for venue purposes.  In addition, upon information and belief, IPR has committed acts of infringement by, among other things, marketing, selling, offering for sale, making, and/or using infringing products, including its External Oil Cooler Kits, in the State of Texas and the Eastern District of Texas.  Au is subject to venue in this District because it is a District in which a substantial part of the events giving rise to the claim occurred, and/or because on information and belief he is the alter ego of IPR.

## FACTUAL BACKGROUND

### BPD Creates The "Cure For The Ford Diesel Engine Cancer"

14.     BPD is an Arizona-based manufacturer and a nationally renowned seller of aftermarket diesel engine parts and related services, including upgraded oil cooler kits for Ford Power Stroke Diesel engines, known as "BulletProof" Oil Cooler Kits.  In about 2009, BPD's founders, Kennieth Neal and Gene Neal (brothers), invented ingenious solutions to the failing Ford Power Stroke Diesel engine.  These solutions, including upgraded oil cooler kits, ultimately became the subject of numerous U.S. Patents, including the '588 Patent.  This BPD fix for the Ford Power Stroke Diesel has become one of its "cures for the cancer" of the Ford Power Stroke Diesel engine.

15.     As the industry recognized the success of BPD's "cure," BPD's company continued to grow, prosper and result in much industry recognition as to the various BPD "fixes" for the

originally unreliable Ford diesel engines.  Indeed, BPD's principals, Kennieth Neal and Gene Neal were recognized as the December 2012 "Off Road" magazine "People of the Year" for their contributions in this marketplace.

**IPR and Au Have Known of BPD and Have Sought to Copy BPD's Products for Years**

16.     BPD is well-known for its "BulletProof" aftermarket diesel engine parts and related services.  To this end, IPR and Au have known of the successes enjoyed by BPD in this specific marketplace.

17.     Upon information and belief, IPR and Au have actively followed the success of BPD in the marketing of its "BulletProof" diesel engine branded products and has sought to appropriate the innovative technology of BPD for themselves.  This has resulted in prior litigation and existing between the parties relating to Defendants' Oil Cooler Kits, notably:

a.     Gene Neal and Kennieth Neal v. Vince Au dba Innovative Performance Research and Innovative Performance Research LLC, Civil Action No.:  2:13-00406-MHB, in the United States District Court of Arizona, originally filed on February 26, 2013, regarding U.S. Patent Nos. 8,375,917 and 8,505,512, and dismissed with prejudice upon the parties' stipulation in May/June 2015 (Lawsuit I);

b.     Neal Technologies, Inc. v. Innovative Performance Research, LLC, Civil Action No.:  2:15-cv-00311-SRB, in the United States District Court of Arizona, originally filed on February 19, 2015, regarding U.S. Patent No. 8,887,688 (subsequently RE45853), resulting in a February 19, 2016 Permanent Injunction against Innovative Performance Research LLC enjoining infringement of U.S. Patent RE45853 (Lawsuit II); and,

c.      Neal Technologies, Inc. v. Innovative Performance Research, LLC, Civil

Action No.:  4:16-cv-00746, in the United States District Court for the Eastern

District of Texas, Sherman Division, originally filed on September 27, 2016,

regarding U.S. Patent No. 9,453,454 (Lawsuit III).

18.      In Lawsuit I, BPD alleged infringement of its patent-in-suit by IPR's External

Engine Oil Cooler Kit EOC-60037 and EOC-640810.   In support of IPR's position in this

litigation, Au provided a Declaration dated February 6, 2014 (the "Au Declaration") explaining

the details of operation of IPR's Engine Oil Cooler Kit EOC-60037.   This Au Declaration is

attached as **Exhibit C**.  Upon information and belief, in an effort to skirt the injunctive decree of

Lawsuit II, the only material difference between Defendants' current 6.0 Liter Power Stroke Diesel

Engine Oil Cooler Kit, EOC-603P kit, and IPR prior 6.0 Liter Power Stroke Diesel Engine Oil

Cooler Kit, EOC-60037 kit, is that the adapter plate for the remote oil cooler in the EOC-603P kit

has been modified so that it only has three hose fittings instead of the four hose fittings of the

adapter plate of EOC-60037.  It should be noted that IPR's 6.4 Liter Oil Cooler Kit in Lawsuit II

was IPR's part number EOC-640810 - - in this lawsuit, this product is IPR's part number EOC-

6408101(2).

## DEFENDANTS' INFRINGEMENT OF THE '588 PATENT

19.      BPD repeats and realleges the allegations in paragraphs 1 through 18 as though

fully set forth herein.

20.      Upon information and belief, IPR infringes, contributes to the infringement of,

and/or induces infringement of one or more claims of the '588 Patent, including at least claims 1,

2, 3, 6 and 7 under 35 U.S.C. § 271, either literally or under the doctrine of equivalents, by making,

using, selling, and/or offering for sale within the United States, and/or importing into the United

States, or by intending that others make, use, sell and/or offer for sale within the United States and/or import into the United States products and/or methods covered by one or more claims of the '588 Patent, including but not limited to the IPR's Oil Cooler Kits, such as its 6.0L Oil Cooler Kit EOC-603P and its 6.4L Oil Cooler Kit EOC-6408101(2) (hereinafter collectively "IPR's EOCK").  See **Exhibit B**.

21.     Upon information and belief, IPR's EOCK meets the limitations of the claims of the '588 Patent.  For example, claims 1, 2, 3, 6 and 7 of the '588 Patent as applied to IPR's 6.0L Oil Cooler Kit EOC-603P are detailed in the attached **Exhibit D**.  Also, claims 1, 2, 3, 6 and 7 of the '588 Patent as applied to IPR's 6.4L Oil Cooler Kit are detailed in the attached **Exhibit E**.

22.     Upon information and belief, IPR directly infringes one or more claims of the '588 Patent, including at least claims 1, 2, 3, 6 and 7 under 35 U.S.C. §271(a), literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale within the United States and/or importing into the United States IPR's EOCK, by performing all of the steps of the method (in its shop).

23.     In addition to direct infringement, IPR indirectly infringes one or more of the claims of the '588 Patent, including at least claims 1, 2, 3, 6 and 7 under 35 U.S.C. §271(b) and 35 U.S.C. §271(c).

24.     Upon information and belief, IPR actively induces other third parties in the United States to directly infringe one or more of the method claims of the '588 Patent, literally or under the doctrine of equivalents, by making, using, selling, or offering to sell IPR's EOCK.  Upon information and belief, IPR sells kits with instructions directing third parties to infringe all steps of the method of one or more claims of the '588 Patent.  Upon information and belief, through its making, using, selling, and/or offering for sale of IPR's EOCK and other materials and

communications, IPR specifically intends third parties to infringe one or more of the method claims of the '588 Patent.  Upon information and belief, IPR is aware that use of IPR's EOCK in its normal and customary way infringes the '588 Patent and performs acts that constitute induced infringement with knowledge of the '588 Patent and with knowledge or willful blindness that the induced acts constitute infringement of one or more of the claims of the '588 Patent.

25.     Upon information and belief, IPR also contributes to the infringement of others in the United States who make, use, sell, and/or offer to sell IPR's EOCK.  Upon information and belief, direct infringement is a result of direct activities performed by IPR, and/or other third parties making or using IPR's EOCK for their intended use.  Upon information and belief, IPR contributes to the infringement of one or more of the method claims of the '588 Patent by making, using, selling, and/or offering to sell IPR's EOCK and/or causing others to make, use, sell, and/or offer to sell IPR's EOCK.  Upon information and belief, IPR's EOCK or components thereof are material to the claimed invention, have no substantial non-infringing uses, and are known by IPR to be especially made or especially adapted for use in an infringement of the '588 Patent.

26.     IPR's acts of infringement cause damage to BPD and BPD is entitled to recover from IPR damages sustained as a result of IPR's infringement of the '588 Patent, but in no event less than a reasonable royalty.

27.     IPR's acts of infringement, unless restrained and enjoined, will cause irreparable injury or damage to BPD for which there is no adequate remedy of law.

28.     IPR's infringement of the '588 Patent is exceptional and entitles BPD to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

29.     Upon information and belief, IPR copied BPD's patented technologies.  IPR has engaged and continues to engage in direct competition with BPD by IPR using copied technology.

IPR has attempted and continues to attempt to substantially undercut BPD's pricing with copied technology and knowledge of BPD's intellectual property rights, including the '588 Patent.  Upon information and belief, IPR lacks a meritorious defense to its infringement of the '588 Patent.

30.     On information and belief, Au was and is the sole member and owner of IPR.  As such, the actions taken by or ostensibly on behalf of IPR by Au have been taken by Au either as the alter ego of IPR and/or in his own personal capacity.

31.     On information and belief, Au personally directed, controlled, ratified, and participated in the infringing activity described above.  Therefore, he has directly infringed.

32.     Further or in the alternative, on information and belief, Au has induced at least IPR to infringe the '588 Patent because he either knew of the existence of the '588 Patent and that IPR's actions alleged above were infringing the '588 Patent, or else he was willfully blind to such Patent and infringement.  In particular, BPD previously charged IPR and Au with patent infringement in Lawsuit I and Lawsuit II for products related to the '588 Patent.  Since at least as early as February 2013, BPD and its "BulletProof" products have been on Au's "radar," such that he either knew of the patented nature of those products or willfully blinded himself of the patented nature of those products and his or IPR's infringement thereof.  By taking actions to have IPR take the infringing actions described above, Au has induced IPR to infringe the '588 Patent.

33.     Therefore, Au is liable to BPD to the same extent as IPR as described above.

## JURY DEMAND

Pursuant to Rule 38, F.R.C.P., BPD demands a jury trial on all issues and claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, BPD respectfully requests this Court enter judgment in its favor and grant the following relief against IPR and Au:

1.      Judgment that IPR and Au infringe the '588 Patent;

2.      Judgment that IPR's and Au's continued infringement of the '588 Patent is willful;

3.      Award BPD damages in an amount adequate to compensate BPD for IPR's and Au's infringement of the '588 Patent, but in no event less than a reasonable royalty under 35 U.S.C. § 284;

4.      Award BPD enhanced damages pursuant to 35 U.S.C. § 284;

5.      Award BPD pre-judgment and post-judgment interest to the full extent allowed under the law;

6.      Award BPD its costs;

7.      Enter an order finding this to be an exceptional case and award BPD its reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

8.      Enter a permanent injunction against Au and IPR and its respective members, officers, directors, shareholders, agents, servants, employees, attorneys, all parent, subsidiary and affiliate corporations, their successors in interest and assigns, and all other entities and individuals acting in concert with or on its behalf, including customers, from making, importing, using, offering for sale, and/or selling any product, method or service failing within the scope of any claim of the '588 Patent or otherwise infringing or contributing to or inducing infringement of any claim of the '588 Patent;

9.      Award, in lieu of an injunction, a compulsory ongoing royalty;

10.     Order an accounting of damages; and

11.     Award such other relief as the Court may deem appropriate and just under the circumstances.

Dated: January 17, 2017.

Respectfully submitted,

*/s/Richard L. Schwartz*
Richard L. Schwartz
Texas Bar No. 17869500
rschwartz@whitakerchalk.com
Lead Counsel in Charge
Thomas F. Harkins, Jr.
Texas Bar No. 09000990
tharkins@whitakerchalk.com
Enrique Sanchez, Jr.
Texas Bar No. 24068961
rsanchez@whitakerchalk.com

**WHITAKER CHALK SWINDLE
 & SCHWARTZ PLLC**
301 Commerce Street, Suite 3500
Fort Worth, Texas 76102
Phone: (817) 878-0500
Fax: (817) 878-0501

John D. Titus
jtitus@hartmantitus.com
Arizona Bar No. 012912
Bradley P. Hartman
Arizona Bar No. 017263
bhartman@hartmantitus.com

**HARTMAN TITUS PLC**
7114 E. Stetson Drive, Suite 205
Scottsdale, AZ 85251-3250
Phone: (480) 659-0019
Fax: (480) 659-3304

Clyde Moody Siebman
Texas Bar No. 18341600
clydesiebman@siebman.com
Elizabeth S. Forrest
Texas Bar No. 24086207
elizabethforrest@siebman.com

**SIEBMAN BURG PHILLIPS
 & SMITH LLP**
300 N Travis St
Sherman, TX 75090
Phone:  (903) 870-0070
Fax:  (903) 870-0066

***Attorneys for Plaintiff
Neal Technologies, Inc.***